# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 4786 |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | Judge Ronald A. Guzmán |
| corporation, ROGER FANE, DANIEL | ) | |
| CARY, FRANK SCALISE, GLENN | ) | |
| CARR, CAROL MCGUIRE, DAVID | ) | |
| DONOVAN and JACQUELINE KING, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants for their alleged violations of the 1983 *Shakman* Consent Decree and her First Amendment rights. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss portions of plaintiff's amended complaint. For the reasons set forth below, the motion is granted in part and denied in part.

## Background

Plaintiff has worked in the City of Chicago's General Services Department ("City") since July 1986. (Am. Compl. ¶ 19.) In 1993, plaintiff was promoted to the position of "A" Engineer. *Id.* Sometime thereafter, she applied for a promotion to the position of Assistant Chief Operating Engineer. (*Id.* ¶ 21.) Though she was qualified for it, plaintiff was not among the employees who were promoted to that position in September 2004. (*Id.* ¶¶ 21-22.) Plaintiff contends that the promotions did not comply with the hiring polices the City adopted in accordance with the *Shakman* Decree and seeks to hold the City in contempt for violating it. (*Id.* ¶ 24.) Plaintiff also

alleges that the promotions violated her First Amendment rights and is requesting, among other relief, punitive damages from the City. (*Id.* ¶ 12 & Prayer for Relief ¶ 2.)

## Discussion

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). The Court will grant the motion only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### *Shakman* Claim

The City argues that plaintiff's *Shakman* claim must be dismissed because it is time-barred. According to the Seventh Circuit, any contempt proceeding for violations of that decree must be brought within 180 days of the allegedly unlawful action. *Smith v. City of Chi.*, 769 F.2d 408, 413 (7th Cir. 1985). Plaintiff alleges that she was improperly denied a promotion in September 2004. (Am. Compl. ¶¶ 21-23.) Because she did not file this suit until September 2006, more than a year after the limitations period had expired, the City says her claim is untimely.

Untimeliness is an affirmative defense. Fed. R. Civ. P. 8(c). Thus, it is generally an inappropriate basis for a Rule 12(b)(6) dismissal. *See United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("Resolving defenses comes after the complaint stage"). Such a dismissal is appropriate only when a plaintiff alleges facts that definitively establish that the claim is untimely. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the

2

plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)").

That is not the case here. Plaintiff alleges that she was passed over for the promotion in September 2004. Thus, that is when the statute of limitations on her *Shakman* claim began to run. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990) (stating that limitations period for discrimination claims starts to run when plaintiff learns about adverse job action); *Smith*, 769 F.2d at 413 (adopting Title VII's timing rules, "including those defining the accrual of the claim," for *Shakman* claims). The fact that the statute of limitations began to run more than 180 days before plaintiff filed this suit, does not, however, mean that the claim is untimely. *Shakman* claims are subject to equitable tolling doctrines that, if proved, would toll the statute of limitations. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (stating that doctrines of equitable tolling and equitable estoppel apply to Title VII cases); *Smith*, 769 F.2d at 413 (holding that Title VII's tolling rules apply to *Shakman* proceedings).

Defendants say that plaintiff has not alleged enough facts in her amended complaint to preserve her right to assert those doctrines. But plaintiff "need not anticipate and attempt to plead around . . . potential defenses." *Xechem*, 372 F.3d at 901. In fact, her "[c]omplaint[] need not contain *any* information about defenses and may not be dismissed for that omission." *Id.* At this stage, "the only question is whether there is *any* set of facts that, if proven, would establish a defense to the statute of limitations." *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) (holding that Rule 12(b)(6) dismissal was premature, though complaint suggested plaintiff's claim was time-barred, because plaintiff might be able to prove that limitations period was tolled).

In this case, there is. Plaintiff alleges that the promotions occurred in September 2004, but she does not say when she realized that they were unlawful. Given those allegations, it is possible

3

that, despite her best efforts, plaintiff did not discover that the promotions were unlawful until much later. In short, plaintiff's allegations do not establish that her *Shakman* claim is untimely. The City's motion to dismiss that claim is, therefore, denied.

**Punitive Damages Claim**

The City also asks the Court to dismiss the section 1983 punitive damage claim plaintiff asserts against it. As plaintiff admits, the City cannot be held liable under that statute for punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Thus, plaintiff's claim for such relief is dismissed.

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss [doc. no. 11] is granted in part and denied in part. The motion is granted as to plaintiff's Count II request for punitive damages, which is dismissed with prejudice, but is otherwise denied.

SO ORDERED.                ENTER:   March 5, 2007

RONALD A. GUZMAN
United States District Judge